USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/10/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
......................................................x

VINTON SWABY

        Plaintiff,

-against-

SAINT CABRINI NURSING HOME, INC.
d/b/a CABRINI OF WESTCHESTER,

        Defendant.
......................................................x

**ECF CASE**

Case No. 24-cv-08575-(DEH) (SN)

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

    WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

    ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

    1.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client because such information is proprietary, a trade secret, or otherwise sensitive non-public information, including but not limited to resident information, confidential business information, or records or reports of medical or mental health treatment ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

    2.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

    3.    In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. Documents designated as "CONFIDENTIAL" shall not be shown to or provided to any person, except:

    a. The requesting party (including Defendant's representative) and counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d. Any deposition witnesses in which Confidential Information will be presented as a deposition exhibit (in which case the Confidential Information will be shown to, but not provided to, the deposition witness); and

    e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

5. Attorneys for the parties shall give reasonable notice of any attendees who will be attending depositions who are not among the individuals listed in 4a-4c above or a representative of a party in order for counsel to have the opportunity to object to that person's presence.

6. Prior to disclosing or displaying the Confidential Information to any person, other than the producing party and the individuals referenced in subsections 4(a), (b), and (e), counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

Pursuant to Federal Rule of Evidence 502(d), the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Moreover, the existence of this Protective Order does not waive any objections to the production of any information or documents that any party may wish to assert, including but not limited to any objections on the grounds of privilege and/or confidentiality to any requests for discovery propounded by any other party in this action.

10. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

11. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

Dated: February 5, 2025

New York, New York

/s/ Perry S. Friedman
Perry S. Friedman
ATTORNEY AT LAW
236 West 26th Street, Suite 303
New York, New York 10001
T: (212) 888-6172
F: (212) 981- 0528
psfried@gmail.com.com
*Attorneys for Plaintiff*
*Vinton Swaby*

/s/ Isaac J. Burker
Isaac J. Burker
JACKSON LEWIS
44 South Broadway., 14th Floor
White Plains, New York 10601
T: (914) 872-8060
F: (914) 946-1216
Isaac.Burker@jacksonlewis.com
*Attorneys for Defendant*
*Saint Cabrini Nursing Home*
*d/b/a Cabrini of Westchester*

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: February 10, 2025
New York, New York

**EXHIBIT A**

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Vinton Swaby v. Saint Cabrini Nursing Home Inc. d/b/a Cabrini of Westchester* have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____, 20__

_____        _____
Name (printed)                                              Signature

Signed in the presence of:

_____
(Attorney)